State ex rel. Gestner vs. Recorder.

No. 10,254.

THE STATE EX REL. PETER GESTNER vs. W. B. MURPHY, RECORDER.

A threat to burn a dwelling-house is a threatened breach of the peace, as it puts the party threatened in fear, and excites him to personal prowess to protect his person and property.

A magistrate has the power under Sec. 1016 R. S., to order the party making the threats to furnish security that he will not carry out the threat, and in default of furnishing security he has the power under said section to commit until the security ordered is furnished.

APPLICATION for Prohibition.

*Branch K. Miller* for the Relator.

*Walter D. Denegre* for the Respondent.

The opinion of the Court was delivered by

McENERY, J. The question presented in this case is does the threat to burn the dwelling of another come within the power of the committing magistrate to put the party who makes the threat under peace bonds.

Section 1016 of Revised Statutes provides that the magistrate shall have power in all cases in which it shall appear to him by oath that a breach of the peace has been committed or that there is just cause to apprehend that a breach of the peace is intended, to cause the party charged to give security in such amount as he shall deem reasonable to keep the peace of the State and to answer to the offence if any has been committed. In case of refusal to give such bond he has the power to commit until security has been given. Arson is an offence both against the property and the person living or residing in the house. R. S. 841, 842.

The law makes a distinction in the crime of arson in the penalty when a human being is in the house residing or living in it at the time. The penalty is death when the offense is committed in the night time, and if in the day time at hard labor not more than twenty years. The penalties are less severe when no human being is living or residing in the house at the time. It is an offense against society as well as against property. Any threat therefore to commit arson is a threatened disturbance of the public order and well-being of society. It puts the party whose house is threatened to be burned in fear and invokes him to redress his wrongs, excites him to personal prowess to protect his person, his family and his property.

There is no question but that the magistrate has the power to put a party under peace bonds who threatens to do violence to the person of

another. It would be impotent did it not go further and protect a person from the threats of the incendiary, who would not only do violence to his person and his property, but to his family and his neighbors.

We conclude that the threat to burn the dwelling of another is a threatened breach of the public peace, as it tends to provoke to acts of violence and a disturbance of the public order, and the committing magistrate has the power to require the party making the threats to give a bond in accordance with Sec. 1016, R. S., and in default of bond to commit until security is furnished.

It is therefore ordered that the writ of prohibition be refused, at relator's cost.